UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL R. BAKER, JR.,

    Plaintiff,

    v.      CAUSE NO. 3:24-CV-813-HAB-SLC

WARDEN,

    Defendant.

OPINION AND ORDER

    Michael R. Baker, Jr., a prisoner without a lawyer, filed a habeas petition challenging two disciplinary decisions at the Indiana State Prison. In ISP-24-3-734, a disciplinary hearing officer (DHO) found him guilty of interfering with staff under Indiana Department of Correction Offense 252. For this offense, he was sanctioned with a loss of telephone privileges and disciplinary segregation. In ISP-24-3-735, a disciplinary hearing officer (DHO) found him guilty of possessing an unauthorized electronic device under Indiana Department of Correction Offense 207. For this offense, he was sanctioned with a loss of ninety days earned credit time.

    The Warden argues that the challenge to ISP-24-3-734 is moot because correctional staff did not sanction Baker with the loss of earned credit time, a demotion in credit class, or in any other manner that affected the duration of his sentence in connection with this disciplinary hearing. The Warden supports this argument with the hearing report. ECF 9-3. Consequently, the court finds that Baker's claims pertaining to ISP-24-3-734 are moot. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner

can challenge prison disciplinary determination in habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement).

With respect to 24-3-735, the Warden argues that Baker cannot proceed on two of his habeas claims because he did not exhaust his administrative remedies. Generally, State prisoners must exhaust available State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2254(b). However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

In the disciplinary appeal form, Baker wrote:

> I was denied my right of a DHB Hearing. I did NOT refuse my hearing. I was never given a pass or signed for a pass. Check the "pass log". I was never woke up and told I had a hearing. Check the camera footage of ISO W2-R1, I was never informed of a hearing.

ECF 9-14. In the petition, Baker asserts that he is entitled to habeas relief because correctional staff denied him the opportunity to attend his hearing, and the Warden concedes that Baker has properly exhausted this claim. ECF 1. He also asserts that he did not receive adequate notice of the charges before the hearing date and that correctional staff mishandled the confiscation slip for the electronic device that is the subject of the conduct report. *Id.* These claims are omitted from the administrative appeal, so Baker did not properly exhaust these claims. Consequently, the court will not further consider them.

Baker argues that he is entitled to habeas relief because correctional staff denied him the opportunity to attend the hearing. According to the petition, Baker was informed of the hearing on the same morning that it occurred, and a correctional officer refused to let him leave the dormitory when he asked to attend. The Warden responds that Baker refused to attend the hearing. In support of this response, the Warden produced the hearing report, statements from the hearing officer and another correctional officer that Baker refused to attend the hearing, and an email by that correctional officer on the date of the hearing informing the hearing officer about Baker's refusal to attend. ECF 9-5; ECF 9-11; ECF 9-20; ECF 9-21. On this basis, the court finds that the record is disputed as to whether Baker had the opportunity to attend the hearing.

The Warden argues that the lack of a hearing amounts to harmless error because Baker does not explain how his attendance would have changed the outcome of the hearing. To the Warden's point, the record contains no indication that Baker would have produced evidence or argument that would have been likely to persuade the hearing officer to find him not guilty. However, the hearing officer indicated that she assessed sanctions based on the "Offender's attitude and demeanor during the hearing," which implies that Baker's absence at the hearing increased the severity of the sanctions. ECF 9-11. Though the Warden argues that there is no evidence indicating that Baker would have received lesser sanctions if he had attended the hearing, this argument is not sufficient to persuade the court that the alleged denial of a hearing amounts to harmless error in light of the hearing report. *See United States v. Jett*, 982 F.3d

3

1072, 1078 (7th Cir. 2020) ("To prove harmless error, the government must be able to show that the Guidelines error did not affect the district court's selection of the sentence imposed."); *United States v. Williams*, 493 F.3d 763, 766 (7th Cir. 2007) ("The test is whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.").

Consequently, the court finds a genuine dispute of material fact exists regarding whether Baker was denied the opportunity to attend the disciplinary hearing. Therefore, the court must conduct an evidentiary hearing to determine whether Baker was denied the opportunity to attend the disciplinary hearing.

In preparation for the evidentiary hearing, the court ORDERS Baker and the Warden to separately prepare and file brief status reports, by **May 23, 2025**. The status reports must not exceed five pages (unless greater length is unavoidable) and must address: (1) what genuine issues of fact exist; (2) what discovery might be necessary, how it relates to the issues, and how long it would take to complete; (3) what witnesses and exhibits each party proposes to call or introduce; (4) how much time the evidentiary hearing is expected to require; and (5) what motions have been or are expected to be filed before the evidentiary hearing.

SO ORDERED on April 23, 2025.

 s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

4